**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**COASTAL FINANCE INC. d/b/a COASTAL FINANCIAL BOAT LOAN,**
***Plaintiff*,**

**v.** **Case No. __________________**

**SV SEMPREVERDE, LLC,**

**CHRISTINE ADELLE JOCHIM, and**

**ERIK G. NIELSEN,**

***Defendants*.**

# COMPLAINT

Plaintiff Coastal Finance Inc. d/b/a Coastal Financial Boat Loan ("Coastal"), for its Complaint against Defendants SV SempreVerde, LLC ("SempreVerde"), Christine Adelle Jochim ("Jochim"), and Erik G. Nielsen ("Nielsen") (collectively, "Defendants"), states as follows:

*Parties*

1. Coastal is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business at 1100 Laskin Road, Suite 201, Virginia Beach, Virginia 23451. Coastal is engaged in the business of marine financing, including providing loans for the purchase and refinancing of recreational boats and yachts.

2. SempreVerde is a limited liability company organized under the laws of Colorado, with its principal office at 3038 Keystone Drive, Evergreen, Colorado 80439. Upon information and belief, each of SempreVerde's members is a citizen of Colorado, and no member is a citizen of Virginia.

3. Jochim is an individual domiciled in and a citizen of Colorado, residing at 3038 Keystone Drive, Evergreen, Colorado 80439.

4. Nielsen is an individual domiciled in and a citizen of Colorado, residing at 3038 Keystone Drive, Evergreen, Colorado 80439.

*Jurisdiction & Venue*

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

6. Coastal is a Virginia corporation with its principal place of business in Virginia. SempreVerde is a Colorado limited liability company whose members are citizens of Colorado. Nielsen and Jochim are individuals domiciled in and citizens of Colorado. Accordingly, complete diversity of citizenship exists between Coastal and Defendants.

7. This Court has personal jurisdiction over Defendants because this action arises from Defendants' purposeful transaction of business in Virginia, including a financing transaction through Centennial Bank d/b/a Shore Premier Finance ("Shore Premier"), which maintained its lending office in Chesapeake, Virginia. In connection with that transaction, SempreVerde executed and delivered a Promissory Note (the "Note"), and Nielsen and Jochim each executed and delivered a Commercial Guaranty (collectively, the "Guaranties"), in favor of Shore Premier.

8. Defendants further agreed under the Note and Guaranties to submit to the jurisdiction of the applicable courts for the City of Chesapeake, Virginia.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Coastal's claims occurred in Chesapeake, Virginia.

*Background*

10. In 2023, SempreVerde sought financing to purchase a 2024 Nautitech Open 44 sailing catamaran (the "Vessel") for use in a charter business and engaged Coastal to arrange a loan through Shore Premier.

11. SempreVerde obtained financing through Shore Premier in the original principal amount of $705,219.00 to purchase the Vessel.

12. Following the loan closing, allegations arose that certain loan documents had been altered by Coastal's former president, Mark Delaney, who later entered an *Alford* plea in connection with criminal charges arising from the alleged alterations.

13. As a result of the irregularities surrounding the loan, in November 2023, Coastal purchased the loan from Shore Premier and received an assignment of the Note, Guaranties, and related loan documents, including all rights to receive payment and enforce the outstanding indebtedness.

14. SempreVerde received the financing, purchased the Vessel, and has retained possession and use of the Vessel, including charter operations, since its acquisition.

15. Despite receiving the financing and retaining the Vessel, SempreVerde made only one (1) payment in November 2023 and has failed to make any further payments toward the outstanding indebtedness.

*The Promissory Note*

16. On October 9, 2023, SempreVerde executed and delivered a Promissory Note to Shore Premier. *See* **Exhibit 1**.

17. Under the Note, SempreVerde promised to pay Shore Premier the principal sum of $705,219.00, together with interest at 8.875% per annum until paid in full. *Id.*

18. The Note required SempreVerde to make 239 monthly payments of $6,288.54, beginning November 9, 2023, followed by a final payment due October 9, 2043. *Id.*

19. SempreVerde made the first payment that was due November 9, 2023, but has failed to make any payments since then.

20. The Note provides that SempreVerde's failure to make a payment when due constitutes an event of default. *Id.*

21. Upon a default, the Note authorizes the lender to declare due and payable the outstanding loan balance, accrued unpaid interest, and applicable fees, costs, and charges. *Id.*

22. The Note further provides that, upon default, the interest rate increases to 17% per annum. *Id.*

23. The Note is binding upon SempreVerde's successors and assigns and inures to the benefit of Shore Premier's successors and assigns.

*Assignment to Coastal*

24. On November 20, 2023, Shore Premier and Coastal entered into an Assignment and Assumption Agreement (the "Assignment"), effective November 20, 2023, pursuant to a Repurchase Agreement between the parties dated November 20, 2023. *See* **Exhibit 2**.

25. Pursuant to the Assignment, Shore Premier sold, assigned, conveyed, and transferred to Coastal all of its rights, title, and interests in the Note, First Preferred Ship Mortgage, and related loan documents and collateral, together with all rights to receive payments and enforce the indebtedness.

26. As a result of the Assignment, Coastal succeeded to Shore Premier's rights and interests in the indebtedness owed by SempreVerde, including the rights to enforce the Note, related Guaranties, and First Preferred Ship Mortgage.

27. Coastal is the present owner and assignee of the indebtedness and is entitled to enforce the Note and related loan documents against Defendants.

*Jochim Guaranty*

28. On October 9, 2023, Jochim executed and delivered to Shore Premier a Commercial Guaranty (the "Jochim Guaranty"). *See* **Exhibit 3**.

29. Under the Jochim Guaranty, Jochim absolutely and unconditionally guaranteed the full payment and satisfaction of SempreVerde's indebtedness and the performance and discharge of SempreVerde's obligations under the Note and related documents. *Id.*

30. The Jochim Guaranty is a guaranty of payment and performance, rather than collection, and permits enforcement against Jochim without first exhausting remedies against SempreVerde, any other obligor, or collateral. *Id.*

31. The Jochim Guaranty defines the guaranteed indebtedness to include outstanding principal, accrued unpaid interest, collection costs, legal expenses, and attorneys' fees permitted by law arising under the Note and related documents. *Id.*

32. The Jochim Guaranty continues in full force until the indebtedness has been fully and finally paid and satisfied. *Id.*

*Nielsen Guaranty*

33. On October 9, 2023, Nielsen executed and delivered to Shore Premier a separate Commercial Guaranty (the "Nielsen Guaranty"). *See* **Exhibit 4**.

34. Under the Nielsen Guaranty, Nielsen absolutely and unconditionally guaranteed the full payment and satisfaction of SempreVerde's indebtedness and the performance and discharge of SempreVerde's obligations under the Note and related documents. *Id.*

35. The Nielsen Guaranty is a guaranty of payment and performance, rather than collection, and permits enforcement against Nielsen without first exhausting remedies against SempreVerde, any other obligor, or collateral. *Id.*

36. The Nielsen Guaranty defines the guaranteed indebtedness to include outstanding principal, accrued unpaid interest, collection costs, legal expenses, and attorneys' fees permitted by law arising under the Note and related documents. *Id.*

37. The Nielsen Guaranty continues in full force until the indebtedness has been fully and finally paid and satisfied. *Id.*

*First Preferred Ship Mortgage*

38. The Note was secured by a First Preferred Ship Mortgage on the Vessel known as *SempreVerde*, Official Number 1341966, Hull Identification Number NAUN0410H324. *See* **Exhibit 5**.

39. The United States Coast Guard Abstract of Title further reflects that the Assignment of the First Preferred Ship Mortgage from Shore Premier to Coastal was dated April 4, 2025, and filed on April 17, 2025. *See* **Exhibit 6**.

40. SempreVerde failed to make one or more payments due under the Note on or after December 9, 2023 and is in default.

41. Coastal seeks to enforce the Note executed by SempreVerde, the Guaranties executed by Jochim and Nielsen, and Coastal's rights as assignee of the loan and related collateral.

42. SempreVerde's payment default remains uncured.

43. By letter dated October 12, 2026, Coastal declared the entire outstanding indebtedness immediately due and payable pursuant to the Note and demanded payment from Defendants. *See* **Exhibit 7**.

44. Defendants have failed and refused to pay the accelerated indebtedness despite demand.

45. The amount owing to Coastal under the Note totals at least $710,608.54, plus interest at the default rate of seventeen percent (17%) per annum from December 10, 2023 until paid, and all late charges, attorneys' fees, collection expenses, and court costs.

**COUNT I**

*Breach of Promissory Note – SempreVerde*

46. Coastal incorporates the foregoing allegations as if set forth herein.

47. SempreVerde executed the Note, and the Note is a contract.

48. Under the Note, SempreVerde promised to pay the principal, interest, charges, and other amounts due according to its terms.

49. Coastal is the present assignee and holder entitled to enforce the Note.

50. SempreVerde materially breached the Note by failing to make payments when due beginning on December 10, 2023.

51. SempreVerde's default entitled Coastal to accelerate the indebtedness.

52. The amount owing to Coastal as a result of the breach of the Note is $710,608.54, plus interest at the default rate of seventeen percent (17%) per annum from December 10, 2023 until paid, and all late charges, attorneys' fees, collection expenses, and court costs.

**COUNT II**

*Breach of Jochim Guaranty – Christine Adelle Jochim*

53. Coastal incorporates the foregoing allegations as if set forth herein.

54. Jochim's personal guaranty of the debt owed by SempreVerde is a contract.

55. Jochim executed the Jochim Guaranty for the benefit of Shore Premier, its successors, and assigns.

56. Coastal succeeded to Shore Premier's rights under the Jochim Guaranty.

57. Pursuant to the Jochim Guaranty, Jochim agreed to pay all indebtedness owed by SempreVerde under the Note.

58. SempreVerde defaulted on the Note, Coastal accelerated the indebtedness, and Coastal demanded payment from Jochim.

59. Jochim has failed and refused to pay the indebtedness as required by the Jochim Guaranty.

60. Jochim breached the guaranty by failing to pay the full amount owed to Coastal by SempreVerde.

61. The amount owing to Coastal as a result of the breach of the Jochim Guaranty is $710,608.54, plus interest at the default rate of seventeen percent (17%) per annum from December 10, 2023 until paid, and all late charges, attorneys' fees, collection expenses, and court costs.

**COUNT III**

*Breach of Nielsen Guaranty – Erik G. Nielsen*

62. Coastal incorporates the foregoing allegations as if set forth herein.

63. Nielsen's personal guaranty of the debt owed by SempreVerde is a contract.

64. Nielsen executed the Nielsen Guaranty for the benefit of Shore Premier, its successors, and assigns.

65. Coastal succeeded to Shore Premier's rights under the Nielsen Guaranty.

66. Pursuant to the Nielsen Guaranty, Nielsen agreed to pay all indebtedness owed by SempreVerde under the Note.

67. SempreVerde defaulted on the Note, Coastal accelerated the indebtedness, and Coastal demanded payment from Nielsen.

68. Nielsen has failed and refused to pay the indebtedness as required by the Nielsen Guaranty.

69. Nielsen breached the guaranty by failing to pay the full amount owed to Coastal by SempreVerde.

70. The amount owing to Coastal as a result of the breach of the Nielsen Guaranty is $710,608.54, plus interest at the default rate of seventeen percent (17%) per annum from December 10, 2023 until paid, and all late charges, attorneys' fees, collection expenses, and court costs.

**COUNT IV (Alternative to Count I)**

*Equitable Subrogation – SempreVerde, Jochim, & Nielsen*

71. Coastal incorporates the foregoing allegations as if set forth herein.

72. Coastal pleads this Count solely in the alternative to the extent the Court determines that Coastal cannot enforce the Note, Guaranties, or related loan documents as assignee of Shore Premier.

73. Pursuant to the Assignment, Coastal acquired Shore Premier's rights and interests in the indebtedness owed by SempreVerde, including the Note, Guaranties, and related collateral.

74. Coastal acquired those rights to protect its financial interest in the loan transaction and not as a volunteer or gratuitous payment for Defendants' benefit.

75. SempreVerde remains indebted under the Note, and Nielsen and Jochim remain obligated under their respective Guaranties.

76. To the extent Coastal cannot enforce the loan documents as assignee, Coastal seeks to be equitably subrogated to Shore Premier's rights against Defendants with respect to the outstanding indebtedness.

77. The amount owing to Coastal under its claim for equitable subrogation is $710,608.54, plus interest at the default rate of seventeen percent (17%) per annum from December 10, 2023 until paid, and all late charges, attorneys' fees, collection expenses, and court costs.

**COUNT V (Alternative to Count I)**
*Unjust Enrichment – SempreVerde, Jochim, & Nielsen*

78. Coastal incorporates the foregoing allegations as if set forth herein.

79. Coastal pleads this Count solely in the alternative to the extent the Court determines that Coastal cannot enforce the Note, Guaranties, or related loan documents.

80. SempreVerde received the benefit of financing in connection with its acquisition of the Vessel.

81. Nielsen and Jochim executed their respective Guaranties in connection with the financing transaction.

82. Pursuant to the Assignment, Coastal acquired Shore Premier's rights and interests in the indebtedness arising from the financing transaction.

83. SempreVerde has retained the benefit of the financing and possession and use of the Vessel without satisfying the outstanding indebtedness.

84. Despite demand, Defendants have failed and refused to satisfy their respective obligations arising from the financing transaction.

85. To the extent the loan documents are determined to be unenforceable, it would be inequitable for SempreVerde to retain the benefit of the financing without compensating Coastal for the unpaid indebtedness.

86. Coastal seeks restitution in the amount of $710,608.54, or such other amount established by the evidence, together with such interest and other relief as may be permitted under applicable law, without duplicative recovery.

## DEMAND FOR ATTORNEYS' FEES

87. Pursuant to the Note, Guaranties, and applicable law, Coastal demands an award of attorneys' fees and collection expenses incurred in enforcing the indebtedness. The Note expressly provides that "Borrower agrees to pay Lender's attorneys' fees and all of Lender's other collection expenses, whether or not there is a lawsuit." **Exhibit 1**.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Coastal Finance, Inc. d/b/a Coastal Financial Boat Loan respectfully requests that this Court enter judgment in its favor and against Defendants SV SempreVerde, LLC, Christine Adelle Jochim, and Erik G. Nielsen, jointly and severally, in the amount of $710,608.54, together with interest at the default rate of seventeen percent (17%) per annum from December 10, 2023 until paid, all applicable late charges, collection costs, attorneys' fees, court costs, and such other and further relief as this Court deems just and proper.

Dated: November 4, 2026

**COASTAL FINANCE INC.**
**d/b/a COASTAL FINANCIAL BOAT LOAN,**

*/s/K. Barrett Luxhoj*

James L. Chapman, Esquire, VSB No. 21983
K. Barrett Luxhoj, Esquire, VSB No. 86302
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
kbluxhoj@cwm-law.com
*Counsel for Plaintiff*