UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
600 Granby Street
NORFOLK, VIRGINIA 23510-1915

*Chambers of*
ELIZABETH W. HANES
*United States District Judge*

(757) 222-7005

# PROCEDURE FOR CIVIL CASES

This case has been assigned to United States District Judge Elizabeth W. Hanes.

**Courtesy Copies**
Pursuant to Local Rule 7, a brief shall accompany all motions (unless excepted by the rule). Courtesy copies of briefs are not required unless the motion papers and exhibits exceed fifty (50) pages in length or upon a specific request from chambers. One courtesy copy should be delivered to chambers within three business days of the date the brief is filed.

**Motions Hearings**
Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on written request by the parties. Requests for oral argument should be electronically filed with the Clerk's office. Despite Local Rule 7(E), no motion will be deemed withdrawn for failure to request a hearing. If a request for hearing is not made within thirty days of the date the motion is filed, the motion will be referred automatically to Judge Hanes. If Judge Hanes determines that oral argument is necessary, counsel will be notified by the Judge's courtroom deputy or law clerk, and a date and time will be selected. Parties should not contact the Court to schedule a hearing unless the Court directs them to do so.

To assist in the training of the next generation of attorneys, the Court strongly encourages junior attorneys to actively participate in courtroom proceedings, especially when the junior attorney assisted in drafting the motion subject to the hearing. In this limited circumstance, the junior attorney may have an opportunity to consult the more senior attorney during argument, and the Court will allow the more senior attorney the opportunity to speak following the junior attorney. Any party who elects to participate as described above should note this information in the written request for oral argument and identify the junior attorney who will be presenting. The Court will favorably consider this information in determining whether to grant oral argument.

**Discovery Motions**
The Court expects counsel to resolve discovery disputes without filing motions or involving the Court. Should a dispute arise, consistent with Local Rule 37(E), counsel must confer in good faith to resolve the dispute. "Good faith" means that the parties have spoken, preferably in person, and engaged in one-on-one discussions, not that the parties have merely exchanged correspondence. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the Court <u>prefers</u> that the parties file a <u>joint</u> motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court. The Court prefers that the parties file a joint motion, so that the dispute can be addressed in an expedited manner.

If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with a memorandum incorporated therein and any response with a memorandum incorporated therein may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. Moreover, unless resolution of the dispute under the deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, the pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery as set forth in the Scheduling Order for the matter.

Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Federal Rule 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

Unless otherwise directed by Judge Hanes, all discovery issues shall be referred to the Magistrate Judge assigned to the civil action.

**Consent to Trial by Magistrate Judge**

You may request to have your case conducted before a United States Magistrate Judge upon consent of all parties and approval by a United States District Judge. *See* Fed. R. Civ. P. 73; 28 U.S.C. § 636(c). To proceed before a Magistrate Judge, a consent form must be filed with the Clerk's Office. It may be filed jointly or separately. The consent form may be printed from the U.S. District Court website or obtained from the Clerk's Office. See Federal Rule 73 for further information.

**Financial Interest Disclosure Statement**

The parties are reminded that a financial disclosure statement must be filed by a "nongovernmental corporation, partnership, trust, [or] other similar entity that is a party to, or that appears in, an action or proceeding in this Court". *See* E.D. Va. Loc. Civ. R. 7.1. This statement should be filed with the party's "first appearance, pleading, petition, motion, response, or other request addressed to the Court". *Id.* The financial interest disclosure statement may be printed from the U.S. District Court website or obtained from the Clerk's Office. See Local Rule 7.1 for further information.

**Citizenship Disclosure Form**

Local Civil Rule 7.1 provides that, in cases invoking federal diversity jurisdiction, each party must file a disclosure that "name[s] and identif[ies] the citizenship of every individual or entity whose citizenship is attributable to that party." E.D. Va. Loc. Civ. R. 7.1. The disclosure form "must be filed when the action is filed or removed to federal court and when any later event occurs that could affect the Court's jurisdiction under § 1332(a)." *Id.* The parties are reminded that "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Thus, when the member of an LLC is also an LLC, the citizenship of the member is attributed to the party. *See Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) ("an LLC's members' citizenship must be traced through however many layers of members there may be"). The citizenship disclosure form may be printed from the U.S. District Court website or obtained from the Clerk's Office. See Local Rule 7.1 for further information.